# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PROGRESSIVE NORTHERN
INSURANCE COMPANY,

         Plaintiff(s),

v.

GAMALIEL MORALES-ELIZALDE
and AMY CHANDLER,

         Defendant(s).

2:13-CV-2296 JCM (GWF)

**ORDER**

Presently before the court is defendant Amy Chandler's motion to dismiss plaintiff Progressive Northern Insurance Company's ("Progressive") complaint for declaratory relief. (Doc. # 6). Plaintiff has responded to the motion to dismiss. (Doc. # 8).

**I.**    **Background**

An automobile incident occurred between defendant Gamaliel Morales-Elizalde and defendant Chandler on October 22, 2010. (Doc. # 1). Later, Chandler initiated an injury liability claim against Morales. Chandler retained the Powell Litigation Group ("Powell"), who instructed Progressive, Morales' insurer, to pay out the $15,000 "each person" policy limit, or else Chandler's counsel would "deem the policy 'uncapped'" and thus, according to Powell, "expose [its] insured to an excess judgment." (Doc. # 1 at 3-5).

. . .

**James C. Mahan**
**U.S. District Judge**

1    Progressive sent a letter on December 9, 2010, stating the medical information provided by
2 Chandler's counsel indicated that Chandler had "only received minimal care" and accordingly
3 offered an $8,545 settlement.  (Doc. # 1 at 5).  Progressive received a letter from Powell on
4 December 14, 2010, detailing additional medical treatment, and demanded a settlement of $15,000
5 within five days.  In response, Progressive increased its settlement offer to $9,100, explaining that
6 the information provided by Powell showed a treatment history of "one emergency room visit, one
7 visit with a medical doctor, and six visits to a chiropractor." (Doc. # 1 at 6).  Powell responded on
8 December 17, 2010, expressing its belief that the coverage had been "uncapped." (Doc. # 1 at 6).

9    Progressive provided a legal defense for Morales against Chandler's personal injury suit in
10 state court and found during the discovery process that "Chandler had begun treating for a shoulder
11 injury, and that she ultimately underwent surgery for that condition in June 2011" as well as
12 additional medical treatment.  (Doc. # 1 at 6).  Progressive then offered the full $15,000 policy limit
13 as settlement but was rebuffed by Chandler's counsel.

14    Progressive believes that Chandler seeks "an excess judgment against Morales[], and [will]
15 attempt to impose liability for the entry of that judgment against Progressive." (Doc. # 1 at 7).  As
16 a result, Progressive seeks declaratory relief that its potential liability from an adverse ruling in the
17 underlying state case cannot exceed the $15,000 policy limit.  (Doc # 1).

18    In the instant motion, defendant Chandler requests that the court decline to exercise
19 jurisdiction over this case due to the pending action in Nevada state court.  (Doc. # 6).  However,
20 defendant Chandler asserts that Progressive's complaint for declaratory relief is "premature" and that
21 Progressive should submit the present issue to state court.  (Doc. # 6 at 5, 13).

22 **II.    Legal Standard**

23    First, the Declaratory Judgment Act provides that "any court of the United States, upon the
24 filing of an appropriate pleading, may declare the rights and other legal relations of any
25 interested party seeking such declaration." 28 U.S.C. § 2201(a).  Under the Declaratory Judgment
26 Act, district courts have "unique and substantial discretion" to decline to exercise jurisdiction over
27 an action for declaratory relief.  *Wilton* v. *Seven Falls Co.*, 515 U.S. 277, 286 (1995).  When

28

considering whether to rule on a declaratory relief complaint, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *See id.* at 288.

Second, the district court should assert its broad discretion within the declaratory relief realm with particular attention to actions impacting unresolved state cases. *See Huth v. Hartford Ins. Co.*, 298 F.3d 800, 803 (9th Cir. 2002). Indeed, "[a] district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Id.*

Next, a case or controversy is ripe if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Federal courts "do not give advisory opinions." *Hunt v. State Farm Mut. Auto. Ins. Co.*, 655 F. Supp. 284, 286 (D. Nev. 1987) (citing *Coffman v. Breeze Corps.*, 323 U.S. 316, 324 (1945)); *see also* U.S. Const. art. III, § 2. Furthermore, if the plaintiff's claims are merely speculative, asserted to protect potential future rights, the court cannot grant declaratory relief. *See Hunt*, 655 F. Supp. at 286.

Finally, to satisfy the federal requirement for a controversy, state law illustrates whether the plaintiff's alleged controversy "is real and immediate." *Id.* In other words, state law must show that the conflict is one that "involves present, as opposed to future or speculative, rights." *See id.* "[U]nder Nevada law, declaratory relief between a third party claimant and an insurer is proper only after the third party obtains a tort judgment against the tortfeasor." *Vignola v. Gilman*, 804 F. Supp. 2d 1072, 1077 (D. Nev. 2011) (citing *Knittle v. Progressive Cas. Ins. Co.*, 908 P.2d 724, 726 (Nev. 1996). Moreover, [t]he rights of a tort claimant against a tortfeasor's insurer do not mature until the tort claimant obtains a judgment against the tortfeasor." *Id.* (citing *Roberts v. Farmers Ins. Co.*, 533 P.2d 158, 159 (Nev. 1975)).

. . .

James C. Mahan
U.S. District Judge

### III.   Discussion

Chandler's motion to dismiss Progressive's complaint states that the case between Chandler and Morales has not been adjudicated. (Doc. # 6). Progressive's opposition to Chandler's motion to dismiss concedes this fact. (Doc. # 8). Therefore, since there has been no final adjudication of the dispute between Chandler and Morales, Chandler does not possess a ripe claim against Progressive, the insurer of Morales. *See Vignola*, 804 F. Supp. 2d at 1077. Thus, state law indicates that Progressive's complaint against Chandler is speculative and, consequently, an application of 28 U.S.C. § 2201 against Chandler would be malapropos. *See Vignola*, 804 F. Supp. 2d at 1077; *Hunt*, 655 F. Supp. at 286.

Similarly, as the underlying state case between the insured and Chandler remains unresolved, an action seeking to determine Progressive's legal rights against Morales is duplicative, impractical, and speculative. *See Wilton*, 515 U.S. at 288; *Huth*, 298 F.3d at 803; *Hunt*, 655 F. Supp. at 286. Thus, the court will decline to exercise jurisdiction over the complaint for declaratory relief against Morales.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Chandler's motion to dismiss (doc. # 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint for declaratory relief (doc. # 1) is DISMISSED WITHOUT PREJUDICE.

DATED June 12, 2014.

```
                                        /s/ James C. Mahan
                                        UNITED STATES DISTRICT JUDGE
```

**James C. Mahan**
**U.S. District Judge**

- 4 -